IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN SCHALLER, et al.,              :

      Plaintiffs,              :
                                      Case No. 3:05cv093

    vs.              :

                              JUDGE WALTER HERBERT RICE

NATIONAL ALLIANCE INSURANCE     :
COMPANY, et al.,              :

      Defendants.              :

---

DECISION AND ENTRY OVERRULING MOTION TO DISMISS FOR
IMPROPER VENUE FILED BY DEFENDANT TOM BAILEY (DOC. #7);
DECISION AND ENTRY OVERRULING FIRST AND SECOND MOTIONS
TO DISMISS FILED BY DEFENDANT NATIONAL ALLIANCE
INSURANCE COMPANY (DOCS. ##8 AND 23)

---

Plaintiffs own two vehicles which have been insured by Defendant National Alliance Insurance Company ("National"). While driving one of those vehicles, an expensive motor home, on Interstate 75 north of Dayton and towing the other, Plaintiff Steven Schaller fell asleep, which resulted in an accident and caused both vehicles to suffer damage. Plaintiffs' Complaint (Doc. #1) at ¶¶ 11-13. Plaintiffs allege that the damage to their vehicles was covered by the insurance policy National had issued for those vehicles. Id. at ¶ 14. After the accident, National hired two agents to come to this area to appraise them. Id. at ¶¶ 17 and 19. The first appraiser stated that the motor home would be very expensive to repair and,

as a result, would probably be "totaled." Id. at ¶ 18. The second appraiser, Defendant Tom Bailey ("Bailey"), indicated that the motor home could be repaired for $6,235.19. Id. at ¶ 21. However, Bailey failed to include all the damages the motor home had suffered in his estimate. Id. at ¶¶ 25-27. Based upon the appraiser's representations, Plaintiffs agreed to have the motor home repaired at Eastgate Ford. Id. at ¶¶ 22-23. While at that facility, the motor home suffered further damages as a result of being vandalized. Id. at ¶ 24. The Plaintiffs have demanded that National replace the motor home, in accordance with provisions in the policy; however, the insurer has refused. Id. at ¶ 29.

This case is now before the Court on Bailey's Motion to Dismiss for Improper Venue (Doc. #7). Therein, Bailey argues that the Court must dismiss this matter for improper venue, because Plaintiffs have failed to allege sufficient facts in their Complaint to support a finding that venue is proper.[1] This Court cannot agree with Bailey that the Plaintiffs' failure to plead venue serves as the basis for dismissing this action. In Catholic Order of Foresters v. U.S. Bancorp Piper Jaffray, Inc., 337 F. Supp.2d 1148 (N.D.Iowa 2004), the court rejected a similar argument, because:

> "in contrast to pleading requirements for jurisdiction, plaintiff is not required to include in his complaint allegations showing that venue is proper in the district in which the suit has been brought." Simon v. Ward, 80 F. Supp.2d 464, 468 n. 9 (E.D.Pa. 2000) (citing FED. R. CIV. P., Advisory Committee Notes to Form 2, at ¶ 3, which states, "Since improper venue is a matter of defense, it is not necessary for plaintiff to include allegations showing the venue to be proper," and also citing 15 Wright & Miller, Federal Practice and Procedure, § 3826 (1987)).

---

[1]Plaintiffs initiated this litigation in the Eastern Division of the Southern District of Ohio. In his motion, Bailey also argued that venue was improper in the Eastern Division. That shortcoming has been cured by the transfer of this action to this Court. See Doc. #19.

Id. at 1158. See also, 5 Wright and Miller, Federal Practice and Procedure, § 1206 at 120-21

Accordingly, the Court overrules Bailey's Motion to Dismiss for Improper Venue (Doc. #7).[2]

National's First and Second Motions to Dismiss (Docs. ##8 and 23) are also pending. With each of those motions, National requests that the Court dismiss it, because Plaintiffs have failed to serve it in timely fashion.[3] In its second such motion, National concedes that the Plaintiffs properly served it on February 21, 2005, when they served its statutory agent. See Doc. #23 at 7. Since that service occurred 180 days after the Plaintiffs had filed this litigation, National argues that the Court should nevertheless dismiss this litigation, because Plaintiffs failed to serve them within 120 days as required by Rule 4(m) of the Federal Rules of Civil Procedure.

Rule 4(m) provides:

---

[2]Parenthetically, even if the Court agreed with Bailey that the Plaintiffs were required to plead facts establishing that venue is proper in this judicial district, it would conclude that they have met that requirement. Under 28 U.S.C. § 1391(a)(2), venue is proper in a diversity action, such as this litigation, in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." According to the allegations in Plaintiffs' Complaint, a substantial part of events and omissions giving rise to the claims against Bailey occurred in the Southern District of Ohio, given that he performed the appraisal which gave rise to this litigation in this judicial district.

[3]National also states in its second motion that Plaintiffs have failed to establish that this Court can exercise personal jurisdiction over it. See Doc. #23 at 1. Since National's only mention of the alleged lack of personal jurisdiction is in one dependent clause of one sentence, the Court cannot agree that it is without personal jurisdiction over it. Moreover, it bears emphasis that a plaintiff does not have an obligation of pleading that personal jurisdiction can be exercised over a defendant. Walker v. Concoby, 79 F. Supp,2d 827, 835 (N.D.Ohio 1999).

> (m) <u>Time Limit for Service</u>. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Unless a plaintiff shows good cause for his failure to serve a defendant within 120 days, the District Court must dismiss the litigation. <u>Byrd v. Stone</u>, 94 F.3d 217, 2 (6th Cir. 1994). The question of whether good cause has been shown is committed to the discretion of the District Court. <u>Id</u>. Herein, the Court concludes that the Plaintiffs have shown good cause for their failure to serve National within 120 days of filing their Complaint. In particular, the affidavits submitted by Plaintiffs, in which the efforts of their counsel to serve National are set forth, demonstrate the existence of such good cause.[4] <u>See</u> Docs. ##14, 16 and 18.

Accordingly, the Court overrules National's First and Second Motion to Dismiss (Docs. ##8 and 23).

September 28, 2005

                                        /s/ Walter Herbert Rice
                                     WALTER HERBERT RICE, JUDGE
                                     UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.

---

[4] Without extensively detailing those efforts, the Court notes that, after Plaintiffs' counsel discovered that National had been acquired by GMAC, the employee of the latter who had been in charge of the Plaintiffs' claim against National was served. National has argued that he was not a proper agent to accept service of process.

- 5 -

Case: 3:05-cv-00093-WHR Doc #: 43 Filed: 09/28/05 Page: 5 of 5  PAGEID #: 208